IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

GREGORY WAYNE CARVER,          )
AIS # 326895,                  )
                               )
        Petitioner,            )
                               )
    v.                         )       CASE NO. 1:26-CV-214-WKW
                               )               [WO]
GWENDOLYN DAVIS,               )
                               )
        Respondent.            )

**MEMORANDUM OPINION AND ORDER**

Before the court are Petitioner Gregory Wayne Carver's Motion to Appoint Counsel (Doc. # 2) and Motion to Enlarge Time to Object to Any Adverse Orders or Magistrate [Judge]'s Report and Recommendation (Doc. # 3). Each motion will be addressed in turn.

A.    **Motion to Appoint Counsel**

Petitioner has moved the court to appoint counsel. (Doc. # 2.) Generally, a federal habeas petitioner does not have a right to appointed counsel during habeas proceedings. *See Wright v. West*, 505 U.S. 277, 293 (1992). The *Rules Governing Section 2254 Cases in the United States District Courts* contemplate the appointment of counsel in certain circumstances. First, the court must appoint counsel if such appointment is "necessary for effective discovery." Rule 6(a), *Rules Governing Section 2254 Cases in the United States District Courts* [hereinafter *Rules*

*Governing § 2254 Cases*].   Second, the court must appoint counsel "[i]f an evidentiary hearing is warranted."  Rule 8(c), *Rules Governing § 2254 Cases*.  At any other stage of a habeas proceeding, the court is authorized, but not required, to appoint counsel for an indigent prisoner if it determines "that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); *see also* Rule 8(c), *Rules Governing § 2254 Cases* ("These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding."); 28 U.S.C. § 1915(e)(1) (allowing, but not requiring, the court to appoint an attorney for "any person unable to afford counsel").

At this stage in these proceedings, the court is not required to appoint counsel. *See* Rules 6(a) and 8(c), *Rules Governing § 2254 Cases*.  Therefore, Petitioner can be appointed counsel only if the court deems it necessary to "the interests of justice." 18 U.S.C. § 3006A(a)(2)(B).  The court has broad discretion in deciding whether to appoint counsel in post-conviction proceedings such as these, and counsel should not be appointed unless the petitioner can demonstrate the existence of exceptional circumstances. *See United States v. Alford*, 816 F. App'x 375, 376 (11th Cir. 2020) (per curiam).

In his motion, Petitioner cites four reasons why he should have counsel appointed:  (1) the petition sets forth complicated issues requiring sophisticated arguments; (2) Petitioner is an indigent prisoner proceeding *pro se* and incarcerated in a prison with limited resources; (3) Petitioner is unskilled in the law and needs

2

counsel to be appointed so that his petition is well-articulated and completely understood; and (4) appointed counsel is needed prior to the State's response so that the petition can be timely amended and in advance of any potential evidentiary hearing to demonstrate why a hearing is necessary.  (Doc. # 2 at 1.)   These circumstances are not the kind of exceptional circumstances that warrant the appointment of counsel.  Although appointment of counsel might be helpful to Petitioner, "that is true for many *pro se* litigants and does not constitute an exceptional circumstance."  *Seibert v. Comm'r, Ga. Dep't of Corr.*, 680 F. App'x 837, 841 (11th Cir. 2017) (per curiam) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)).

Accordingly, Petitioner's motion to appoint counsel (Doc. # 2) will be denied at this time.  The court will reconsider this issue at a later date if warranted by the circumstances of this case.

**B.**     **Motion to Enlarge Time to Object to Any Adverse Orders or Magistrate [Judge]'s Report and Recommendation**

Petitioner also has filed a motion essentially asking the court to extend the deadline for Petitioner to object to any and all adverse orders that may be entered in this case.  (Doc. # 3.)  A blanket extension of deadlines that do not yet exist will not be granted.  Accordingly, Petitioner's motion (Doc. # 3) will be denied.  If Petitioner finds himself in need of additional time to respond to orders issued in this case, he

must file a motion asking for an extension of the deadline before the expiration of that deadline.

## C.    **Conclusion**

Based on the foregoing it is ORDERED that:

(1)    Petitioner's Motion to Appoint Counsel (Doc. # 2) is DENIED; and

(2)    Petitioner's Motion to Enlarge Time to Object to Any Adverse Orders or Magistrate [Judge]'s Report and Recommendation is DENIED.

DONE this 30th day of April, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE