IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

GREGORY WAYNE CARVER,       )
AIS # 326895,                )
                             )
            Petitioner,      )
                             )
      v.                     )      CASE NO. 1:26-CV-214-WKW
                             )            [WO]
GWENDOLYN DAVIS,             )
                             )
            Respondent.      )

## MEMORANDUM OPINION AND ORDER

On July 8, 2026, Petitioner Gregory Wayne Carver's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 was dismissed with prejudice as time-barred. (Doc. # 19.)  Final judgment was entered the same date. (Doc. # 20.)  Before the court is Petitioner's Motion to Reconsider and Amend Order and to Withdraw Entry of Final Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e) motion"). (Doc. # 21.)  Also before the court is Petitioner's Conditional Notice of Appeal (Doc. # 21-1), which he filed as an attachment to his Rule 59(e) motion.  For the reasons to follow, Petitioner's Rule 59(e) motion will be denied; he will be denied a certificate of appealability with respect to the Rule 59(e) motion; his Conditional Notice of Appeal will be construed as a Notice of Appeal; his construed Notice of Appeal will be further construed as containing a motion for leave

to proceed *in forma pauperis* (IFP) on appeal; and his construed motion for leave to proceed IFP on appeal will be denied.

**A.    Rule 59(e) Motion**

Rule 59(e)'s only grounds for altering or amending a judgment are "newly-discovered evidence or manifest errors of law or fact."  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2009) (citation and internal quotation marks omitted). Petitioner's motion has been carefully considered but fails to establish any basis for relief under Rule 59(e).  Accordingly, Petitioner's Rule 59(e) motion (Doc. # 21) will be denied.

**B.    Rule 59(e) Motion:  Certificate of Appealability**

A certificate of appealability (COA) is required to appeal from the denial of a Rule 59(e) motion arising from a § 2254 proceeding because a Rule 59(e) motion is considered a "final order" for purposes of 28 U.S.C. § 2253(c)(1).  *Perez v. Sec'y, Fla. Dep't of Corr.*, 711 F.3d 1263, 1264 (11th Cir. 2013).  The district court should rule on the propriety of a COA before the court of appeals addresses such a request. *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997); *see also* Rule 11(a), *Rules Governing Section 2254 Cases in the United States District Courts* ("The district court must issue or deny a [COA] when it enters a final order adverse to the applicant.").

A COA will not be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard*

2

*v. Dretke*, 542 U.S. 274, 282 (2004); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). To make such a showing, the petitioner must "show[] that reasonable jurists could debate (or, for that matter, agree that) the petition"—or in this case, the Rule 59(e) motion—"should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (citation and internal quotation marks omitted). Petitioner's Rule 59(e) motion does not demonstrate a substantial showing of the denial of a constitutional right. Accordingly, Petitioner is not entitled to a COA on his Rule 59(e) motion.

## C.   Conditional Notice of Appeal

Petitioner attached a "Conditional Notice of Appeal" to his Rule 59(e) motion. (Doc. # 21-1.) In the Conditional Notice of Appeal, Petitioner says that he "expects his Rule 59(e) motion to be granted" but that he filed the Conditional Notice of Appeal "out of an abundance of caution to ensure a timely Notice of Appeal." (Doc. # 21-1 at 1.) The Conditional Notice of Appeal also says that Petitioner "appeals both [the] denial of his [28 U.S.C.] § 2254 Petition and the denial of [his] Rule 59(e) Motion." (Doc. # 21-1 at 1.) Therefore, given that Petitioner's Rule 59(e) motion will be denied, *see supra* Part A, the Conditional Notice of Appeal will be construed as a Petitioner's Notice of Appeal as to that denial and the dismissal with prejudice of his § 2254 petition. A COA will be denied as to the Rule 59(e) motion, *see supra* Part B, and a COA already has been denied as to the petition (*see* Doc. # 19 at 28).

3

**D.      Construed Motion for Leave to Proceed IFP on Appeal**

Petitioner's construed Notice of Appeal, *see supra* Part C, is further construed as containing a motion for leave to proceed IFP on appeal.

Rule 3(e) of the Federal Rules of Appellate Procedure requires an appellant to pay all required fees to the district court clerk when filing the notice of appeal in the district court.  The fee to appeal the judgment dismissing a § 2254 petition is governed by 28 U.S.C. §§ 1913 and 1917.  Section 1917 requires the appellant to pay a $5.00 fee upon filing the notice of appeal.  Section 1913 authorizes the Judicial Conference to set the appellate docketing fee.  Currently, the appellate docketing fee is $600.00.  *See Court of Appeals Miscellaneous Fee Schedule* (eff. Dec. 1, 2023), U.S.      Courts,      https://www.uscourts.gov/court-programs/fees/court-appeals-miscellaneous-fee-schedule (last visited Aug. 4, 2026).  Accordingly, the total fee due is $605.00.  *See*, *Fee Schedules*, U.S. Ct. of Appeals for the Eleventh Cir., https://www.ca11.uscourts.gov/fee-schedules (last visited Aug. 4, 2026); *Fees*, ALMD | U.S. Dist. Ct. Middle Dist. of Ala., https://www.almd.uscourts.gov/clerks-services/fees (last visited Aug. 4, 2026).

Rule 24(a) of the Federal Rules of Appellate Procedure governs leave to proceed IFP on appeal.  Under Rule 24(a)(3), a party who was permitted to proceed IFP in the district court may proceed IFP on appeal without further authorization, *unless* the district court certifies in writing "that the appeal is not taken in good faith

4

or finds that the party is not otherwise entitled to proceed [IFP]."[1]  Fed. R. App. P. 24(a)(3).  Separately, 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken IFP "if the trial court certifies in writing that it is not taken in good faith."  Good faith is assessed under an objective standard, namely, whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), or "has no substantive merit," *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981)[2] (per curiam).  *See, e.g.*, *Cochran v. Cox*, 2026 WL 1881264, at *1 (S.D. Ga. June 30, 2026) (denying leave to appeal IFP in a § 2254 proceeding because the appeal presented no nonfrivolous issues and therefore was not taken in good faith (citing 28 U.S.C. § 1915(a)(3))).

Here, Petitioner was not granted leave to proceed IFP in the district court because he never requested to proceed IFP; he simply paid the $5.00 filing fee (*see* Doc. # 5).  Additionally, applying the good-faith standard, the court finds that Petitioner's appeal has no substantive merit and includes no non-frivolous issue.

---

[1] The requirements for proceeding IFP on appeal are set forth in part in Rule 24 and in part by statute.  Under 28 U.S.C. § 1915(a)(1), federal courts may authorize indigent state prisoners to file a § 2254 petition without prepaying "fees or security therefor."  The Prison Litigation Reform Act (PLRA) amended portions of § 1915 and imposed additional restrictions on prisoners seeking IFP status, but "the filing fee provisions of section 804(a) of the PLRA—codified in part at § 1915(b)(1)—do not apply in § 2254 proceedings."  *Herman v. Fla. Dep't of Corr.*, 2025 WL 3755287, at *1 (11th Cir. Dec. 29, 2025) (citing *Anderson v. Singletary*, 111 F.3d 801, 805 (11th Cir. 1997) ("hold[ing] that the filing fee provisions of section 804(a) of the PLRA do not apply in 28 U.S.C. § 2254 or 28 U.S.C. § 2255 proceedings")).  This means Petitioner must pay the full appellate filing fee or file a motion to proceed IFP in the United States Court of Appeals for the Eleventh Circuit.

[2] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before September 30, 1981.  661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Accordingly, the appeal is frivolous and not taken in good faith. *See Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam).

Petitioner has not paid the $605.00 appellate filing fee. Therefore, if Petitioner wishes to proceed with this appeal, he must pay the $605.00 appellate fee. *See* 28 U.S.C. §§ 1913, 1917. Alternatively, Petitioner may file a motion for leave to proceed IFP on appeal in the United States Court of Appeals for the Eleventh Circuit pursuant to Rule 24(a)(5) of the Federal Rules of Civil Procedure. *See* Fed. R. App. P. 24(a)(5) ("A party may file a motion to proceed [IFP] on appeal in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1)."); Fed. R. App. P. 24(a)(4) ("The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following: (A) denies a motion to proceed on appeal [IFP]; (B) *certifies that the appeal is not taken in good faith*; or (C) finds that the party is not otherwise entitled to proceed [IFP]." (emphasis added)).

### E.  <u>Conclusion</u>

Based on the foregoing, it is ORDERED that

(1)    Petitioner's Rule 59(e) motion (Doc. # 21) is DENIED;

(2)     Petitioner is DENIED a certificate of appealability as to the denial of the Rule 59(e) motion;

(3)     Petitioner's Conditional Notice of Appeal is construed as a Notice of Appeal of both the dismissal with prejudice of his 28 U.S.C. § 2254 petition and the denial of his Rule 59(e) motion;

(4)     Petitioner's construed motion for leave to proceed IFP on appeal is DENIED;

(5)     If Petitioner wishes to proceed with this appeal, he must pay the $605.00 filing fee to the Clerk of this Court on or before **August 25, 2026**, or file a motion for leave to proceed IFP in the United States Court of Appeals for the Eleventh Circuit; and

(6)     The Clerk of this Court is DIRECTED to provide a copy of this Memorandum Opinion and Order to the United States Court of Appeals for the Eleventh Circuit.

DONE this 4th day of August, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE