IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY WAYNE CARVER, AIS # 326895, Petitioner, | ) | |
| v. | ) | CASE NO. 1:26-CV-214-WKW [WO] |
| GWENDOLYN DAVIS, Respondent. | ) | |

**ORDER**

Before the court is Petitioner Gregory Wayne Carver's self-styled "Motion for Findings of Fact and Conclusions of Law." (Doc. # 26.) This case is on appeal from the Order denying Petitioner's Rule 59(e) motion and the final judgment dismissing, with prejudice as time-barred, his petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Docs. # 19, 20, 22) Certificates of appealability were denied as to both rulings. (Docs. # 19, 22.) Because the petition was dismissed as untimely, the merits of Petitioner's substantive claims were not addressed.

In his current filing, Petitioner complains that the district court "did not address . . . material issues" and, in support of his request to grant a certificate of appealability on those issues, asks this court to enter "specific findings of fact and conclusions of law" addressing each issue he identifies. (Doc. # 26 at 1–2.) This court lacks jurisdiction to grant the relief requested.

Under Rule 22(b)(2) of the Federal Rules of Appellate Procedure, "an applicant for the writ gets two bites at the appeal certificate apple: one before the district judge, and if that one is unsuccessful, he gets a second one before a circuit judge." *Jones v. United States*, 224 F.3d 1251, 1255 (11th Cir. 2000) (citation omitted). Moreover, once a case is on appeal, the authority over the scope of a certificate of appealability lies with the court of appeals, not the district court. *See, e.g.*, *White v. Sec'y, Dep't of Corr.*, 2025 WL 2331318, at *8 n.3 (11th Cir. Aug. 13, 2025) (per curiam) (declining to consider a new issue raised by the petitioner where "the district court did not grant him a certificate of appealability on it, and he never filed a motion in [the Eleventh Circuit Court of Appeals] to expand the certificate of appealability").

Based on the foregoing authority, this court lacks jurisdiction to grant Petitioner's request to add issues to a certificate of appealability. This court did not grant a certificate of appealability on any issue, and because this case already is on appeal, any request to expand the issues covered by a certificate of appealability or, in this case, to grant one at all must be directed to the Eleventh Circuit. Accordingly, it is ORDERED that Petitioner's Motion for Findings of Fact and Conclusions of Law (Doc. # 26) is DENIED for lack of jurisdiction.

Furthermore, Petitioner's previously construed motion for leave to proceed *in forma pauperis* (IFP) on appeal was denied. (Doc. # 22 at 7.) For that reason, it is ORDERED that the subsequent motion for leave to proceed IFP (Doc. # 27), which

likewise is construed as a motion for leave to proceed IFP on appeal, is DENIED as moot.

The Clerk of this Court is DIRECTED to provide a copy of this Order to the United States Court of Appeals for the Eleventh Circuit.

DONE this 3rd day of September, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE